NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JUAN CARLOS CASTRO,<br><br>               Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.   16-71424<br><br>Agency No. A095-008-703<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Juan Carlos Castro, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id.* at 1241-42. We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Castro failed to establish he experienced harm that rises to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive." (citation and internal quotation marks omitted)); *Gu v. Gonzales*, 454 F.3d 1014, 1019–21 (9th Cir. 2006) (brief detention, beating, and interrogation did not compel a finding of past persecution).

Substantial evidence supports the agency's determination that Castro failed to establish a nexus between past or future harm and a protected ground, including political opinion. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide some evidence of [motive], direct or circumstantial"); *see also Garcia-Milian v.Holder,* 755 F.3d 1026, 1032-33 (9th Cir. 2014) (record did not compel the conclusion that the petitioner was persecuted on account of a protected ground).

16-71424

In his opening brief, Castro does not contest and thus waives the BIA's determination that he waived his particular social group claim by failing to raise it before the IJ. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Thus, Castro's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Castro failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We lack jurisdiction to consider Castro's contention that the IJ violated his right to due process by failing to ask him to articulate his particular social group. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-71424